## Commonwealth ex rel, Appellant, *v.* Pennsylvania Railroad Company.

*Railroads—Power to purchase water—Water companies.*

There is no merit in an application for a writ of quo warranto challenging the right of a railroad company to purchase water from a water company in a territory within which it is authorized by its charter to supply water to the public. In that territory the railroad company is a part of the public.

Argued April 19, 1911. Appeal, No. 56, Jan. T., 1910, by plaintiff, from decree of C. P. Blair Co., March T., 1909, No. 446, making absolute rule to quash writ of quo warranto in case of Commonwealth ex rel. M. Hampton Todd, Attorney General, v. The Pennsylvania Railroad Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Quo warranto. Before BALDRIGE, P. J.

The attorney general filed the following suggestion for a writ of quo warranto:

"Be it remembered that on this 15th day of May, 1909, comes M. Hampton Todd, the Attorney General of the Commonwealth of Pennsylvania, and files this suggestion, and gives the court to understand and be informed:

"1. That the Tipton Water Company, a corporation created and existing under the laws of the State of Pennsylvania, was chartered on the 12th day of February, 1903, for the purpose of 'Supplying water to the public in Antis Township, Blair County, Pennsylvania, and to such persons, partnerships and corporations residing or located therein, as may desire the same.'

"2. That the Pennsylvania Railroad Company, a corporation created and existing under the laws of the State of Pennsylvania, has constructed an underground line of sixteen inch pipe leading westwardly, from a point in said township of Antis, from and out of said township, through the borough of Bellwood and the township of Logan to its shops in said township of Logan, and has connected this line of pipe, at a point in Antis township, with a similar line of pipe constructed by the Tipton Water Company leading from its impounding dam on Tipton Run in said township.

"3. That the said Tipton Water Company is now, and has been for some time past, delivering to the Pennsylvania Railroad Company through the lines of pipe above mentioned about 1,500,000 gallons of water daily for consumption in its shops in Logan township, and that said water is propelled from the point of connection in Antis township to the said shops, which are higher in elevation by about 100 feet, by the pressure generated at Tipton station from the elevation of the impounding dam above that point.

"4. That the Pennsylvania Railroad Company has constructed an underground line of twelve-inch pipe bearing eastwardly from a point in said township of Antis from and out of said township, into Snyder township and Tyrone borough and has connected this line of pipe, at a point in Antis township, with a similar line of pipe constructed by the Tipton Water Company and leading from its impounding dam in said township.

"5. That the said Tipton Water Company is now and has been for some time past delivering to the Pennsyl-

vania Railroad Company through the lines of pipe last above mentioned large quantities of water daily, which water is transported by gravity out of Antis township into the township of Snyder and borough of Tyrone, which water is used exclusively by said railroad company out of the township of Antis.

" 6. That prior to the taking of the water as aforesaid by the Pennsylvania Railroad Company for use out of the township of Antis the waters of Tipton Run, and its tributaries, flowed into the Juniata River near Tipton in undiminished volume at all times and were available to the riparian owners along said streams for all lawful purposes to which the same might be applied, but since the taking and use above stated all of the waters of said Tipton Run have been taken, leaving the channel of said stream destitute of water and dry, thus diminishing the volume and power of water in the Little Juniata River and depriving the riparian owners along Tipton Run and the Little Juniata River of its use.

" All of which acts, matters and things in the premises have been and continue to be to the great loss and damage of the public, and are in excess of the legitimate power of the Pennsylvania Railroad Company, and in the doing of said acts, matters and things the said Pennsylvania Railroad Company has willfully abused its corporate powers and functions.

" Wherefore, the said Commonwealth prays the consideration of the court here in the premises and that a quo warranto be issued against the said Pennsylvania Railroad Company to show cause by what warrant or authority it claims to do the acts complained of and takes the waters of Tipton Run to be consumed by the said railroad company outside of the township of Antis.

" And that the court will, after investigation of the several matters herein set forth, if it shall appear that the said acts complained of were and are in excess of the legitimate powers of the said corporation, and in abuse of its corporate powers and functions, decree the same to be so,

and that judgment be entered that it be excluded or ousted from the performance of the said acts, to wit:

" Taking the waters of Tipton Run to be by it consumed and used out of the township of Antis."

The defendant moved to quash the writ for the reason that the facts set forth in the suggestion were not sufficient in law to entitle the commonwealth to the writ.

The court made absolute the rule to quash the writ. Commonwealth appealed.

*Error assigned* was the order of the court.

*W. I. Woodcock*, with him *John C. Bell*, for appellant.

*John G. Johnson*, with him *Neff, Riley* and *Hicks*, for appellee.

PER CURIAM, May 23, 1911:

This appeal is utterly without merit.  It challenges the corporate power of the appellee to purchase water from a water company in a territory within which it is authorized by its charter to supply water to the public.  In that territory the appellee is part of the public: Bland v. Tipton Water Co., 222 Pa. 285; and it must have water if its cars are to run.  Apart from its implied power to purchase water from a water company authorized to sell it, express authority to do so is found in the comprehensive words of the second section of the act incorporating it: 1846 P. L. 312.  Nothing said in Bland v. Tipton Water Company justified the application for the writ of quo warranto; on the contrary, that case was authority for refusing it, and the learned judge below correctly so held.

Appeal dismissed.